# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| **JONATHAN T. DAMRON,** )<br>)<br>**Plaintiff,** )<br>v. )<br>)<br>**MAJOR D.J.,** *et al.*, )<br>)<br>**Defendants.** ) | **Civil Action No. 5:21-00085** |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion to Withdraw Complaint (Document No. 67), filed on December 2, 2022. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

## PROCEDURAL BACKGROUND

On February 12, 2021, Plaintiff, acting *pro se*,[1] filed his Motion to Proceed Without Prepayment of Fees and Amended Complaint claiming entitlement to relief pursuant to Title 42 U.S.C. § 1983. (Document Nos. 4 and 5.) On February 24, 2021, Plaintiff filed his Second Amended Complaint in this matter claiming entitlement to relief pursuant to 42 U.S.C. § 1983. (Document No. 7.) In his Second Amended Complaint, Plaintiff names the following as Defendants: (1) Major D.J.; (2) Cpt. Burton; (3) Sgt. Lester; (4) Sgt. Cox; (5) Corp. Clear; (6) Corp. Walls; (7) Corp. Cox; (8) Corp. Tony; (9) Corp. Haynes; (10) Corp. Sampson; (11) Corp.

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Coulture; (12) Corp. Grant; (13) Corp. Wimmer; (14) Corp. Powers; (15) Corp. Pack; (16) Corp. Mitchum; (17) Corp. Booth; (18) Corp. Sturgil; (19) Officer Maxwell; and (20) Counselor Martin. (Id.) Plaintiff alleges that the above Defendants have violated his Eighth Amendment rights by subjecting him to unconstitutional conditions of confinement. (Id., pp. 4 – 5.) Specifically, Plaintiff states as follows:

> These are all "day shift" and "night shift" employees at SRJ. They have denied me a shower, phone call, toilet paper, hygiene, access to grievance procedures, and access to outside the cell since December 13, 2020. Night shift officers denied me "emergency assistance" due to being locked in a cell in a pod with 28 other inmates outside walking around (never locked down). These individuals sprayed feces and urine under our door on us. Then [the inmates] tried to gain access by way of a shank (knife). There is 24-hour video system to confirm anything I say in this 1983 form. I have asked repeatedly to speak to a ranking officer, I was taken to medical and spoke to Major D.J. [but] he stated "I'm not working here, I can't do anything." A week later, I spoke to Capt. Burton and explained the 2 page letter I sent by Officer Padea and he stated "What the hell is wrong with you, and that he hated this 'gang shit.'" That was it. I've asked repeatedly to be placed in administrative segregation and keep getting denied.

(Id.) Plaintiff requests injunctive and monetary relief. (Id., pp. 5 – 6.)

By Order entered on March 18, 2021, the undersigned granted Plaintiff's Motion to Proceed Without Prepayment of Fees and directed the Clerk to issue process. (Document No. 9.) On April 12, 2021, Defendants filed their Motion to Dismiss and Memorandum in Support. (Document Nos. 31 and 32.) Defendants argued that Plaintiff's claims should be dismissed based on the following: (1) "The Eleventh Amendment to the United States Constitution as well as the *Will* Doctrine bars Plaintiff's claims against the Defendants" (Document No. 32, p. 3.); (2) "All Defendants are entitled to qualified immunity" (Id., pp. 3 – 4.); (3) "Plaintiff's Complaint does not meet the pleading standard of Rule 8 of the Federal Rules of Civil Procedure as delineated in *Twombly* and *Iqbal* and fails to assert any factual content that would result in a reasonable inference that Defendants are liable for the alleged misconduct" (Id., pp. 4 – 5.); and (4) Plaintiff failed to

2

exhaust his administrative remedies (Id., pp. 5 – 6.). As an Exhibit, Defendants attached a copy of Plaintiff's Second Amended Complaint as filed on February 24, 2021. (Id., pp. 6 – 14.)

Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on April 13, 2021, advising him of the right to file a response to the Defendants' Motion to Dismiss. (Document No. 33.) On April 28, 2021, Plaintiff filed his Response in Opposition. (Document No. 34.) On May 5, 2021, Defendants filed their Reply. (Document No. 35.) By Proposed Findings and Recommendation ("PF&R") entered on November 8, 2021, the undersigned recommended that the District Court grant Defendants' Motion to Dismiss (Document No. 31) to the extent Defendants' requested the dismissal of Plaintiff's claim for monetary damages against Defendants in their official capacities; deny Defendants' Motion to Dismiss (Document No. 31) to the extent Defendants requested the dismissal of Plaintiff's claim of injunctive relief against Defendants in their official capacities; deny Defendants' Motion to Dismiss (Document No. 31) to the extent Defendants requested the dismissal of Plaintiff's claims against Defendants in their individual capacities; grant Plaintiff permission to amend his Second Amended Complaint to include the additional facts contained in his Response; and refer the matter back to the undersigned for further proceedings. (Document No. 36.) By Order entered on December 21, 2021, United States District Judge Frank W. Volk adopted the undersigned's PF&R. (Document No. 37.) By Order also entered on December 21, 2021, the undersigned directed that Plaintiff's Response be re-docked as a Supplement to Plaintiff's Second Amended Complaint. (Document Nos. 38 and 39.)

On December 28, 2021, Defendants filed their Answer. (Document No. 40.) The undersigned entered a Scheduling Order on December 28, 2021, setting forth deadlines for the completion of discovery and the filing of dispositive motions. (Document No. 41.) On July 1,

3

2022, Defendants filed their Motion for Summary Judgment and Memorandum in Support. (Document Nos. 52 and 53.) Specifically, Defendants argue they are entitled to summary judgment based on the following: (1) "Plaintiff has failed to put forth any creditable evidence that any of the Defendants knew of and disregarded an excessive risk to his health and safety" (Document No. 53, pp. 4 – 5.); (2) "Plaintiff was not denied access to the grievance procedure" (Id., pp. 5 – 7.); (3) "Plaintiff's claim for injunctive relief are no longer viable" (Id., pp. 7 – 8.); and (4) "All Defendants are entitled to qualified immunity" (Id., p. 8.).

The Court notified Plaintiff pursuant to Roseboro v. Garrison, 528 F.2d 304 (4th Cir. 1975), that Plaintiff had the right to file a response to Defendants' Motion and submit Affidavit(s) or statements and/or other legal or factual material supporting his claims as they are challenged by the Defendants in moving to dismiss. (Document No. 54.) The Court specifically warned Plaintiff that failure to respond to the above Motion could result in the denial of relief sought in the Complaint and dismissal of the suit. (Id.) On August 29, 2022, Plaintiff filed a "Motion for Stay" requesting a stay for the above action for 60 days. (Document No. 62.) Plaintiff explained that he was "committed to the Federal Bureau of Prisons on June 2, 2022, [and] all documents that he possessed prior to his transfer was confiscated because inmates are not allowed to travel with them." (Id.) Plaintiff claimed that he would like to respond to Defendants' Motion for Summary Judgment, but he had not received a copy of such. (Id.) By Order entered on August 30, 2022, the undersigned construed Plaintiff's above Motion as a Motion for Extension of Time and granted Plaintiff an extension of time until October 28, 2022 to file his Response to Defendants' Motion for Summary Judgment (Document No. 52). (Document No. 63.) The undersigned further directed the Clerk to provide Plaintiff with a copy of the following: (1) An updated Docket Sheet; (2) A copy of Plaintiff's Second Amended Complaint and Supplement (Document Nos. 7 and 39); (3)

A copy of the undersigned's PF&R as entered on November 8, 2021 (Document No. 36); (4) A copy of United States District Judge Frank W. Volk's Order adopting the undersigned's PF&R (Document No. 37); and (5) A copy of the Defendants' Motion for Summary Judgment and Memorandum in Support (Document Nos. 52 and 53). (Id.) Finally, the undersigned notified Plaintiff "that failure to file a Response by **October 28, 2022**, will result in a recommendation of dismissal of this matter pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia." (Id.) Despite being granted a generous extension of time and being twice warned by the Court that inaction could result in dismissal of his action, Plaintiff did not file a response to Defendants' above Motion requesting dismissal.

By Order entered on November 16, 2022, the undersigned directed Plaintiff to show cause in writing by November 30, 2022, as to why this civil action should not be dismissed for failure to prosecute. (Document No. 65.) By letter filed on November 30, 2022, Plaintiff responded that he was currently in the Special Housing Unit and requested "the Court's patience with me once again." (Document No. 66.) On December 2, 2022, Plaintiff filed his Motion to Withdraw Complaint. (Document No. 67.) Specifically, Plaintiff requests that his Complaint be withdrawn as to all Defendants. (Id.) In support, Plaintiff notes that he is no longer incarcerated at the Southern Regional Jail and "prosecuting this suite has proven to be a challenge for Plaintiff." (Id.)

## **ANALYSIS**

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a plaintiff may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

In consideration of the first and fourth factors, the undersigned finds that Movant's Motion to Withdraw Complaint should be granted. The undersigned notes that even though Defendants filed a Motion for Summary Judgment, there is no indication that Defendants expended sufficient time or resources defending Plaintiff's action. Defendants' Motion relies upon the arguments that Plaintiff failed to provide any credible evidence to support his claims, his request for injunctive relief is no longer available, and Defendants are entitled to qualified immunity. Considering the second factor, the undersigned notes that there has been some delay or lack of diligence on the part of Plaintiff. Considering the third factor, Plaintiff sets forth a reasonable explanation that he is

awaiting transfer and the prosecution of this action has proven more difficult than he expected. As stated above, a "motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes, 788 F.2d at 1036. In the instant case, there is no indication or allegation of prejudice to the Defendants. Defendants have filed no objections to Plaintiff's Motion to Withdraw Complaint. Further, it is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. Accordingly, the undersigned respectfully recommends that Plaintiff's Motion requesting the withdrawal and voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that the instant civil action be dismissed under Rule 41(a)(1)(A)(i) without prejudice. See e.g., Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Plaintiff's Motion to Withdraw Complaint (Document No. 67), **DENY as moot** Defendants' Motion for Summary Judgment (Document No. 52), **DISMISS** Plaintiff's Complaint (Document Nos. 1, 5, 7, 39) without prejudice, and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections

identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Volk and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and counsel of record.

Date: December 19, 2022.

Omar J. Aboulhosn
United States Magistrate Judge